# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

IN RE:

VIKRAM SAGAR PASALA            CASE NO.: 24-44296
                                                                                            Chapter 13
        Debtor.                                     Hon. Mark Randon
_____/

## MOTION AND INCORPORATED BRIEF FOR RELEASE OF FUNDS TO THE STATE COURT APPOINTED RECEIVER

**NOW COMES** Charles Bullock, State Court Appointed Receiver of the assets of Vikram Pasala, (the "Receiver"), by and through his attorneys, Stevenson & Bullock, P.L.C. by John W. Polderman, and respectfully requests that this Court grant his Motion for Release of Funds to the State Court Appointed Receiver (the "Motion"). In support of the Motion, the Receiver states:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and 157(b)(2)(O) because it is a "matter[] concerning the administration of the estate," and because it is a proceeding "affecting . . . the adjustment of the debtor-creditor . . . relationship[.]"

1

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief sought herein is based on 11 U.S.C. §349(b)(1) and (3) and 1326(a)(2).

## II. Background and State Court Action

5. On January 31, 2024, the Oakland County Circuit Court appointed Charles Bullock as Receiver of the assets of Vikram Pasala (See Exhibit A, Order Appointing Receiver).

6. The Order Appointing Receiver specifically provides that the Receiver is empowered to:

> a. Preserve, hold, and manage the Receivership Estate, and perform all acts necessary to preserve its value, to prevent any loss, damage, or injury;
>
> b. Prevent the withdrawal or misapplication of funds;
>
> c. Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including electronically stored information and other papers of the Receivership Estate;
>
> d. Initiate, petition, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings, including those under Title 11 of the United States Code, in state, federal, or foreign court(s) necessary to preserve the Receivership Estate or to carry out his duties pursuant to this Order;

7. As the Court Appointed Receiver of the assets of Vikram Pasala, Charles Bullock is authorized to take control of all funds, assets and monies owed to Vikram Pasala.

2

24-44296-mar    Doc 85    Filed 09/23/24    Entered 09/23/24 16:39:52    Page 2 of 17

8. This case has been dismissed without confirmation of a Chapter 13 plan, however the Chapter 13 Trustee is holding funds that she intends to return to the Debtor, Vikram Pasala.

9. The trustee must send the funds to the State Court Appointed Receiver, Charles Bullock.

### III. Applicable Authority

10. 11 U.S.C. §349(b)(3) provides that:

Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11. In bankruptcy proceedings, interests in property are determined by state law. *Butner v. United States*, 440 U.S. 48 (1979).

12. A receiver's specific authority to act is derived from "statute and court rules and from the order of appointment and specific orders which the appointing court may thereafter make." *Band v Livonia Assoc*, 176 Mich App 95, 108; 439 NW2d 285 (1989) (citation omitted). See also MCL 600.2926.

13. Relevant to the present dispute, pursuant to MCR 2.622(E)(1), "[e]xcept as otherwise provided by law or by the order of appointment, a receiver has general power to sue for and collect all debts, demands, and rents of the

receivership estate, and to compromise or settle claims."

14. When taking control of a [person's] property, a receiver is said to "stand in the shoes" of the entity in receivership, and thus the receiver can pursue claims that could be pursued by that entity. See *In re Receivership of 11910 S Francis Rd* (*Price v Kosmalski*), 492 Mich 208, 226 n 39; 821 NW2d 503 (2012); *HG Vogel Co v Original Cabinet Corp*, 252 Mich 129, 132; 233 NW 200 (1930); *Stram v Jackson*, 248 Mich 171, 183; 226 NW 888 (1929). See also 65 Am. Jur. 2d *Receivers* § 115; *Wuliger v Manufacturers Life Ins Co*, 567 F3d 787, 795 (CA 6 2009).

15. In other words: The general rule is that a receiver takes the rights, causes, and remedies which were in the individual or estate whose receiver he or she is or which were available to those whose interests he or she was appointed to represent.

16. A receiver stands in the shoes of such person or estate and can enforce only such rights and contracts or maintain only such action or defense as could be enforced or maintained by such person or estate. [75 CJS Receivers § 392.]

17. Therefore, sending the funds to the Receiver is equivalent to returning the funds to the debtor.

18. In addition, 11 U.S.C. §349(b)(1) states:

Unless the court for cause, orders otherwise, a dismissal of a case other than under section 742 of this title---

(1) reinstates—
    (A) Any proceeding or custodianship superseded under section 543 of this title

19. As a state court appointed receiver, Charles Bullock was a custodian as defined by 11 U.S.C. §101(11)(A).

20. Now that the instant case has been dismissed, Charles Bullock is reinstated as the receiver of the assets of Vikram Pasala.

21. 11 U.S.C. § 1326(a)(2) also authorizes this Court to order the trustee to send the funds on hand to the Receiver ("unless the court orders otherwise…if a plan is not confirmed, the trustee shall return [plan] payments …to the debtor") 11 U.S.C. § 1326(a)(2).

22. To be sure, a strict interpretation of 11 U.S.C. § 1326(a)(2), requiring funds to be returned only to the debtor, is absurd. By way of example the court in *In re Merovich*, 547 BR 643 (Bankr. M.D. Penn. 2016), authorized the return of funds to the debtor's personal representative.

23. Based upon the application of 11 U.S.C. §349(b)(1) and (3), and § 1326(a)(2), it is requested that the Trustee send the funds held by the bankruptcy estate to Charles Bullock, because he stands in the shoes of the Debtor, Vikram Pasala, holds all rights that Vikram Pasala holds and is vested with the rights of Vikram Pasala.

## IV. Conclusion

WHEREFORE, Charles Bullock, Receiver of the assets of Vikram Pasala, respectfully requests that this Honorable Court enter an order (a) granting the Motion in all respects, (b) order the trustee to send the funds due Vikram Pasala and held by the Trustee to the Receiver, and (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

**STEVENSON & BULLOCK, P.L.C.**

/s/ John W. Polderman (P65720)
Counsel for Charles Bullock,
Receiver of the assets of Vikram
Pasala
26100 American Dr., Suite 500
Southfield, MI 48034
(248) 354-7906
jpolderman@sbplclaw.com

Dated: September 23, 2024

# Exhibit A

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| **OXFORD COMMERCIAL FINANCE,**<br>a Michigan banking corporation,<br><br>  Plaintiff,<br><br>v.<br><br>**LOOP BELL TECH INC.,** a Michigan corporation, and **VIKRAM SAGAR PASALA,** an individual.<br><br>  Defendants. | Case No. 2023-203127-CB<br>Hon. Victoria Valentine |

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER LLP**<br>Ethan R. Holtz (P71884)<br>Emily M. Mayer (P78956)<br>*Attorney for Plaintiff*<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>(248) 351-3000<br>eholtz@taftlaw.com<br>emayer@taftlaw.com | **HERTZ SCHRAM PC**<br>Robert P. Geller (P34391)<br>John R. Monnich, Jr. (P55703)<br>*Attorneys for Defendants*<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335-5000<br>rgeller@hertzschram.com<br>jmonnich@hertzschram.com |
| **STEVENSON & BULLOCK, P.L.C.**<br>Charles D. Bullock (P55550)<br>*Court Appointed Receiver*<br>26100 American Drive, Suite 500<br>Southfield, MI 48034<br>(248) 354-7906<br>cbullock@sbplclaw.com | **SIMON PLC**<br>John W. Polderman (P65720)<br>*Attorneys for Court Appointed Receiver*<br>363 W Big Beaver Road, Suite 410<br>Troy, MI 48084<br>(248) 720-0290<br>jpolderman@simonattys.com |

## ORDER GRANTING RECEIVERSHIP OVER VIKRAM SAGAR PASALA

At a session of said Court held in the Courthouse in the City of Pontiac, County of Oakland, and State of Michigan on __1/31/2024__.

**PRESENT:** VICTORIA A VALENTINE
Circuit Court Judge

This matter comes before the Court on the Plaintiff's Renewed Motion for Appointment of Receiver Over Vikram Sagar Pasala. The Court having found good cause for the entry of this Order and is fully advised in the premises. The Court has further determined that the appointment of Charles D. Bullock as Receiver (*as defined below*) is just and appropriate under the circumstances and has determined that the Receiver's authority and duties as set forth herein is both just and appropriate.

All notice requirements under MCL 554.1013 have been satisfied and or are excused as provided below and good cause exists to enter this Order as outlined in the Motion before the Court. The Court further finds that multiple grounds set forth in MCL 554.1016 are satisfied for the appointment of a receiver. The Court also finds that it has jurisdiction over this matter, pursuant to, *inter alia*, MCL 600.2926.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Effective and commencing immediately upon the entry of this Order, Charles D. Bullock (P55550) of Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500, Southfield, MI 48034 (the "Receiver") shall be and is hereby appointed as Receiver over Vikram Sagar Pasala ("Pasala") with full powers of access as receiver to all of Pasala's assets and property, real, personal, or mixed, tangible and intangible, and wherever situated (collectively, the "Receivership Estate").

2. The Plaintiff and Defendants shall cooperate with the Receiver and shall make available to the Receiver for inspection and copying all of the records concerning the Receivership Estate as shall be necessary for the Receiver to fulfill his duties under the terms of this Order. Furthermore, the Plaintiff and Defendants and their agents and employees shall fully cooperate with the Receiver at all times during the pendency of the receivership.

### Authority of the Receiver

3. The Receiver is appointed pursuant to, *inter alia*, MCL § 600.2926 and MCR 2.622.

4. The Receiver is authorized to exercise all powers and authority generally available under the laws of the State of Michigan that may be incidental to the powers described in this Order and reasonably necessary to accomplish the purpose of this Receivership. The Receiver shall have such additional powers that may be provided by law and that the Court may from time to time direct or confer.

5. Without limiting the foregoing, the Receiver shall have the power to employ and/or contract with professionals and others, including but not limited to counsel, accountants, brokers, assistants, agents, private investigators, consultants, advisors, financial advisors, realty professionals, book keepers, and other third-parties (collectively, the "<u>Professionals</u>") as he deems necessary to carry out his duties. The Receiver may pay any and all of the Professionals from the Receivership Estate.

6. In addition to the foregoing, and without limitation, the Receiver is hereby authorized, directed and vested with the authority gain access to all information concerning the Receivership Estate; and in so doing, the Receiver will have all powers generally available to Receivers under the laws of the State of Michigan as to the Receivership Property, and will have, among others, the following specific powers:

a. Review any/and all existing vendor, supply, maintenance, lease, management, and/or other agreements and contracts related to the Receivership Estate, and to determine which, if any, Receiver will assume;

b. Investigate the amount owed, historical payment information, escrow account balances and insurance coverage, obtain payoff statements and extent of any liens on the Receivership Estate as of the date of creation of the receivership estate by entry of this Order;

c. To investigate any previous transfer or financial transactions relating to the Receivership Estate to determine whether any such transactions were potentially fraudulent and/or avoidable under applicable law. The Receiver is also authorized to pursue recovery of any such fraudulent transfers or avoidable transactions in accordance with applicable law.

7. Immediately upon entry of this Order and continuing until the termination of the Receiver's appointment, the Receiver is authorized to take reasonable and appropriate actions to prevent waste and to preserve, manage, maintain, secure, lease, and safeguard the Receivership Estate during the pendency of the receivership. The Receiver, in the exercise of his business judgment, shall be empowered but not obligated to:

a. Preserve, hold, and manage the Receivership Estate, and perform all acts necessary to preserve its value, to prevent any loss, damage, or injury;

b. Prevent the withdrawal or misapplication of funds;

c. Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including electronically stored information and other papers of the Receivership Estate;

d. Initiate, petition, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings, including those under Title 11 of the United States Code, in state, federal, or foreign court(s) necessary to preserve the Receivership Estate or to carry out his duties pursuant to this Order;

e. Issue subpoenas to obtain documents and records pertaining to the receivership and conduct discovery in this action on behalf of the Receiver;

f.  Open one or more bank accounts as designated depositories for funds of the Receivership Estate. The Receiver may deposit all funds of the Receivership Estate in such designated accounts and shall make all payments and disbursements from the Receivership Estate from such accounts; and

g.  The Receiver and his Professionals may review confidential patient records as necessary and appropriate to discharge the Receiver's duties and responsibilities under this Order, provided however, that the Receiver protects the confidentiality of such records as required under applicable law and regulations including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 and the federal HIPAA privacy regulations at 45 Code of Federal Regulations.

8.  The authority granted to the Receiver is self-executing, unless the action requires approval by this Court. Unless the action requires approval by this Court, the Receiver is authorized to act on behalf of the Receivership Estate with respect to the Receivership Estate or in the Receiver's name without further order of this Court and without personal recourse against the Receiver.

## Compensation of Receiver

9.  The Receiver and his Professionals shall receive compensation for their services, payable from the Receivership Estate at their prevailing rates, which range from $135.00 per hour to $550.00 per hour, notwithstanding any statutory presumption. The Receiver and his Professionals shall also be entitled to be reimbursed for out-of-pocket expenses related to the performance of their duties. The compensation and reimbursed expenses shall be an administrative claim against the Receivership Estate and entitled to priority over any and all secured, priority, and unsecured claims. The Receiver and his Professionals shall issue invoices to the parties to this action, through their respective counsel (as applicable), on a monthly basis. The Receiver and his Professionals may receive payment on a monthly basis, without further Court Order, provided no objections are filed with the Court and served upon the Receiver, his Professionals, and all other

parties in interest within five (5) days after such invoices are sent by electronic mail to all parties' counsel of record. In the event that an objection is timely filed with the Court and served upon the Receiver, Professionals, and all other parties in interest, the objecting party shall file a motion with this Court requesting that this Court determine the propriety of the fees sought. In the event that the objecting party fails to file a motion with this Court within five (5) days after objecting to the requested fees or expenses, its objections are waived. In the objection and the motion, the objecting party shall articulate with specificity which time or expense entries are objectionable and the reason for the objection. In the event that a motion is timely filed, the Receiver is authorized to pay himself and his Professionals those fees and expenses to which no objection has been raised.

## **Immunity of Receiver**

10. Neither the Receiver nor his Professionals shall not be liable for any claim, objection, liability, action, cause of action, cost, or expense of the Plaintiff, Defendants, or Receivership Estate arising out of or relating to events or circumstances occurring prior to this Order, including, without limitation, any contingent or unliquidated obligations and any liability from the performance of services rendered by third parties on behalf of the Receivership Estate, and any liability to which the Receivership Estate is currently or may ultimately be exposed under any applicable laws pertaining to the ownership, use, or operation of the Receivership Estate (collectively, all of the foregoing are referred to as the "Pre-Receivership Liabilities"). Similarly, neither the Receiver nor his Professionals shall not be liable for any claim, objection, liability, action, cause of action, cost, or expense of Plaintiff, Defendants, or Receivership Estate arising out of the performance of receivership duties without the express written permission of this Court authorizing a lawsuit against the Receiver or the Professionals.

11. The Receiver and his Professionals, employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their intentional tortious acts, breaches of fiduciary duty, gross negligence, gross or willful misconduct, acts committed in bad faith, malicious acts, and/or the failure to comply with the Court's Orders.

### Restraint on action against Receiver and Receivership Estate

12. Except as otherwise ordered by this Court, the parties, their agents and employees, and all other persons with notice of this Order (other than the Receiver) are restrained and enjoined from directly or indirectly transferring, encumbering, removing, expending, distributing, concealing, destroying, mutilating, damaging, erasing, altering, disposing of, or otherwise diminishing or causing harm to any of the Receivership Estate, doing any act to interfere with the Receiver from taking control, possession, or management of the Receivership Estate, or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the Receivership Estate.

13. Except as otherwise ordered by this Court, during the pendency of the receivership, the Plaintiff and Defendants, and all other persons, creditors, and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of the Receiver, the Receivership Estate, or the Receiver's authorized agents acting in their capacities as such, including but not limited to the following actions:

    a.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of or retaining possession of, the Receivership Estate, any property claimed by the the Businesses, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Estate's interest in property, whether such acts are part of a judicial proceeding or otherwise;

      b.      Using self-help or executing or issuing, or cause the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon the Receivership Estate or any property, wherever located, owned by or in the possession of the Receivership Estate or the Receiver, or any agent of the Receiver; and

      c.      Doing any act or thing to interfere with the Receiver taking control, possession, or management of any of the Receivership Estate or any property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and Receivership Estate.

14. Notwithstanding the foregoing paragraph, the entry of this Order does not stay the enforcement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## Directives to financial institutions, employers, and others

15. Pending further order of this Court, any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since October 1, 2017, has held, controlled, managed or maintained custody of any account or asset owned by, in the name or for the benefit of the Receivership Estate, shall:

      a.      Prohibit the Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by the Receiver or in the normal course of business;

      b.      Deny the Plaintiff, Defendants, and all other persons access to any safe deposit box that titled in the name of the Receivership Estate either individually or jointly with another person or entity or in which any of the Receivership Estate is located; and

      c.      Provide the Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth:

            i.      The identification number of each and every account or asset tiled in the name, individually or jointly, of or held on behalf of, or for the benefit of the Receivership Estate;

  ii.  The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed to close the account, and the name of the person or entity to whom such account or other asset was remitted;

  iii.  The identification of any safe deposit box that is either titled in the name of the Receivership Estate or jointly with, another person or entity or is otherwise subject to access by the Receivership Estate; and

  iv.  Upon request by the Receiver, promptly provide copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

### Delivery of possession of Receivership Estate to Receiver

16. After service of this Order upon the Plaintiff, Defendants, and any other person or entity served with a copy of this Order, shall deliver to the Receiver:

  d.  Access to information concerning all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated of the Receivership Estate;

  e.  Possession and custody of documents of the Receivership Estate, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), title documents and other papers;

  f.  All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of the Receivership Estate, including but not limited to; means of communications, account, computer systems, or other property; and

  g.  Information identifying the accounts, properties or other assets or obligations of the Receivership Estate.

## Miscellaneous

17. The Receiver shall, during the pendency of this action, have the right to apply to this Court for further instructions or directions.

18. The Receiver shall not be responsible for the preparation or filing of any tax returns for the Receivership Estate (including income, personal property, commercial activity, gross receipts, sales and use, or other tax returns) other than to provide the parties with information in the Receiver's possession that is necessary for the parties to prepare such tax returns.

19. The Receiver shall submit quarterly reports to the Court and parties with respect to the Receivership Estate.

20. The Receiver shall file and serve his acceptance of this receivership.

21. The Receiver is not required to post a bond.

22. This Order may be amended or supplemented for cause after a motion and hearing or, alternatively, upon the showing of good cause and upon the stipulation of all parties to this action, including the Receiver.

23. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

1/31/2024  
_____  
**Date**

/s/ Victoria A. Valentine  
January 31, 2024  
_____  
**CIRCUIT COURT JUDGE**  
VICTORIA A VALENTINE　　　MT